**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Trust, et al., | No. 04-CV-636-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Gale Norton, et al., | |
| Defendants. | |

The court has before it the Plaintiffs' Motion for Summary Judgment (doc. 41), Defendants' Opposition (doc. 55), and Plaintiffs' Reply (doc. 61); Defendants' Cross-Motion for Summary Judgment (doc. 49), Plaintiffs' Opposition (doc. 57), and Defendants' Reply (doc. 60); and Defendants' Motion to Strike (doc. 52), Plaintiffs' Opposition (doc. 54), and Defendants' Reply (doc. 56).

**I.**

The humpback chub ("chub"), a fish that inhabits the Colorado River basin, is listed as an endangered species under the Endangered Species Act ("ESA"). Pursuant to the ESA, the Secretary of the Interior is required to "develop and implement plans . . . for the conservation and the survival of endangered species . . . , unless [s]he finds that such a plan will not promote the conservation of the species." 16 U.S.C. § 1533(f)(1). Accordingly, in 1979, the United States Fish and Wildlife Service ("FWS") developed a recovery plan for the conservation and survival of the chub. FWS revised this plan in 1990 (the "1990 Recovery

1  Plan"), and then supplemented and amended the 1990 Recovery Plan in 2002 (the "Recovery
2  Goals").

3  Plaintiffs allege that the Recovery Goals violate the ESA and the Administrative
4  Procedure Act ("APA"). Amended Complaint at 12. Plaintiffs clarified their allegations in
5  their opposition to the motion to dismiss. Their "First Claim" is that the Recovery Goals
6  violate the ESA, 16 U.S.C. § 1533(f)(1)(B), because they fail to provide (1) for the
7  conservation and survival of the chub; (2) objective, measurable criteria which, when met,
8  would result in a determination that the species be removed from the endangered species list;
9  (3) estimates of the time required and the cost to carry out the measures needed to achieve
10 the goal and to achieve intermediate steps toward that goal; and (4) a population goal for all
11 areas designated as critical habitat (together, "claim one"). Plaintiffs' Opposition to the
12 Motion to Dismiss at 5. Plaintiffs' "Second Claim" is that the Recovery Goals violate the
13 APA because the FWS "ignored relevant facts, did not employee [sic] the best scientific
14 information available, and failed to support its conclusions in the Recovery Goals" (together,
15 "claim two"). Id. at 8.

16 After considering the parties' briefings with regard to defendants' motion to dismiss,
17 we concluded that "Plaintiffs' challenges to the mandatory procedural requirements of the
18 ESA may proceed (claim one) [and] Plaintiffs' [APA] claims challenging the specific
19 recommendations of the 2002 Plan, are dismissed (claim two)." Order at 6-7 (doc. 37). The
20 order did not specifically refer to plaintiffs' substantive ESA claim–that the Recovery Goals
21 failed to provide for the conservation and survival of the chub–and therefore we consider that
22 claim in addition to the procedural ESA claims.

23 In their memorandum in support of the motion for summary judgment, plaintiffs
24 restate their claims in a manner that would effectively moot much of our previous order.
25 Plaintiffs now assert that the "Amended Complaint alleged alternative grounds for
26 jurisdiction, but only one claim for relief." Plaintiffs' Memorandum in Support of the Motion
27 for Summary Judgment at 1, n.1. Plaintiffs then redefine claim one to include the allegation
28

that the FWS violated the ESA by failing to use " 'solely' the best scientific information available in developing recovery plans." Id. at 5.

Plaintiffs may not redefine their claims, and thereby effectively amend the complaint. Plaintiffs led defendants and this court to believe that they raised two separate claims. The deadline for amending the complaint expired over one year ago. Rule 16 Scheduling Order at 2 (doc. 17). Plaintiffs' claim that the Recovery Goals violate the ESA requirement to use " 'solely' the best scientific information available" was dismissed with regard to the APA claim, and is untimely with regard to the ESA claim, and accordingly, we need not consider it.[1]

## II.

Plaintiffs' remaining causes of action arise under the ESA citizen suit provision, 16 U.S.C. § 1540(g)(1)(C), which provides that "any person may commence a civil suit on his own behalf . . . against the Secretary [of the Interior] where there is alleged a failure of the Secretary to perform any act or duty under section 1533 . . . which is not discretionary with the Secretary." Plaintiffs' Opposition to the Motion to Dismiss at 5. Plaintiffs assert that we have jurisdiction over this claim pursuant to 16 U.S.C. § 1540(c) and 28 U.S.C. § 1331. Amended Complaint at 2.

### A.

Plaintiffs assert that the Recovery Goals fail to provide for the conservation and survival of the chub. Accordingly, plaintiffs claim that defendants violated their non-discretionary duty under the ESA, which states that "[t]he Secretary shall develop and implement plans . . . for the conservation and survival of endangered species." 16 U.S.C. § 1533(f)(1); Plaintiffs' Memorandum in Support of the Motion for Summary Judgment at 2.

---

[1] In any event, plaintiffs' ESA claim for the failure to use solely the best scientific evidence would likely fail. Unlike 16 U.S.C. § 1533(b), section 1533(f), which regulates recovery plans, does not explicitly require that determinations be based on the best scientific and commercial data available. "When certain statutory provisions contain a requirement and others do not, we should assume that the legislature intended both the inclusion and the exclusion of the requirement." Stewart v. Ragland, 934 F.2d 1033, 1041 (9th Cir. 1991).

- 3 -

1  Defendants concede that they have a non-discretionary duty to develop and implement a plan
2  for the conservation and survival of the chub, but argue that the Secretary has the discretion
3  to determine the substance of the plan. <u>Defendants' Opposition to the Motion for Summary</u>
4  <u>Judgment</u> at 7. Accordingly, defendants argue that 16 U.S.C. § 1540(g)(1)(C) does not create
5  a cause of action to challenge the substance of the recovery plan, and therefore we lack
6  jurisdiction to hear the claim. <u>Id</u>. at 6-7.

7       By stating that the Secretary "shall" act, the ESA creates a non-discretionary duty to
8  develop and implement plans for the conservation and survival of endangered species.
9  However, the substance of the plan is left to the discretion of the Secretary. <u>See</u> <u>Kennecott</u>
10 <u>Copper Corp. v. Costle</u>, 572 F.2d 1349, 1354 (9th Cir. 1978); <u>see also</u> <u>Bennett v. Spear</u>, 520
11 U.S. 154, 172, 117 S. Ct. 1154, 1166 (1997). Conservation is defined broadly, and provides
12 for a wide range of actions that could be used to conserve various species. 16 U.S.C. §
13 1532(3). Determining how to provide for the conservation and survival of the humpback
14 chub "requires the fusion of technical knowledge and skills with judgment which is the
15 hallmark of duties which are discretionary." <u>Kennecott Copper Corp.</u>, 572 F.2d at 1354;
16 <u>accord</u> <u>Fund for Animals, Inc. v. Rice</u>, 85 F.3d 535, 547 (11th Cir. 1996) ("By providing
17 general guidance as to what is required in a recovery plan, the ESA 'breathe[s] discretion at
18 every pore.'") (quoting <u>Strickland v. Morton</u>, 519 F.2d 467, 469 (9th Cir. 1975)). To classify
19 the duty to conserve as non-discretionary "is to stand words on their head in an effort to
20 provide jurisdiction when Congress intended that none exist." <u>Kennecott Copper Corp.</u>, 572
21 F.2d at 1354.[2]

22      Plaintiffs further argue that even if the statute grants the Secretary discretion as to how
23 to conserve the chub, there is still a non-discretionary duty to ensure, at minimum, the chub's

---

[2] To establish jurisdiction to consider the substance of the Recovery Goals, plaintiffs cite a series of non-binding decisions considering the viability of citizen suits to challenge the designation or lack of designation of critical habitat under 16 U.S.C. § 1533(b)(2). Plaintiffs, however, fail to distinguish <u>Kennecott</u>. Therefore, to the extent that these cases contradict <u>Kennecott</u>, we cannot follow them.

survival. Plaintiffs' Opposition to the Cross-Motion for Summary Judgment at 8; Plaintiffs' Reply in Support of the Motion for Summary Judgment at 5. The citizen suit provision, and waivers of federal sovereign immunity in general, must be strictly construed.[3] Kennecott Copper Corp., 572 F.2d at 1353; Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996). In contrast, plaintiffs' argument would substantially expand the scope of the citizen suit provision. Any person would be able to challenge the substance of recovery plans by merely alleging that the Secretary's plan is not only poor, but likely to lead to the extinction of a species.

Accordingly, we conclude that no cause of action arises under 16 U.S.C. § 1540(g)(1)(C) for the failure to provide for the conservation and survival of the humpback chub, in contrast to the development and implementation of a plan to conserve them. We therefore grant defendants' motion for summary judgment on this claim (doc. 49). And because this claim is no longer before us, we grant defendants' motion to strike the declarations submitted by plaintiffs (doc. 52), which are only relevant to plaintiffs' challenges to the substance of the Recovery Goals.

**B.**

---

[3] The citizen suit provision in the ESA "must be read in light of the Congressional intent to use th[e non-discretionary] phrase to limit the number of citizen suits which could be brought against the Administrator and to lessen the disruption of the Act's complex administrative processes." Kennecott Copper Corp., 572 F.2d at 1353 (considering the Clean Air Act citizen suit provision, which is identical in all relevant ways to the ESA citizen suit provision).

Plaintiffs argue that the ESA citizen suit provision is substantially broader than other similar citizen suit provisions. Plaintiffs' Opposition to the Cross-Motion for Summary Judgment at 2. The ESA provision does have "remarkable breadth" because it permits "any person" to commence a civil suit, as opposed to other statutes which generally require that the litigant has been adversely affected or has an interest in the action in order to have standing. Bennett v. Spear, 520 U.S. 154, 164-65, 117 S. Ct. 1154, 1162 (1997). The ESA provision is not, however, substantially broader than other similar citizens suit provisions with regard to the permissible subject matter of the suits.

- 5 -

1    Plaintiffs also claim that the Recovery Goals violate 16 U.S.C. § 1533(f)(1)(B)(iii)
2 because they fail to incorporate "estimates of the time required and the cost to carry out the
3 measures needed to achieve the plan's goal and to achieve intermediate steps toward that
4 goal." <u>Plaintiffs' Memorandum in Support of the Motion for Summary Judgment</u> at 12.
5 Defendants included limited time estimates in the Recovery Goals, <u>Administrative Record</u>
6 at 3109-10, but they failed to include any cost estimates.
7    Defendants argue that plaintiffs are barred from raising this claim because they failed
8 to raise this issue during the notice and comment period. <u>Defendants' Memorandum in
9 Support of the Cross-Motion for Summary Judgment</u> at 7-8. It is necessary that the issue be
10 raised during the decisionmaking period to alert the agency to the party's position and
11 therefore allow the agency "to give the issue meaningful consideration." <u>Dep't of Transp. v.
12 Pub. Citizen</u>, 541 U.S. 752, 764, 124 S. Ct. 2204, 2213 (2004). However, it is not necessary
13 that the plaintiffs raise the issue, so long as it is raised during the decisionmaking period.
14 <u>Jasch v. Potter</u>, 302 F.3d 1092, 1095 n.2 (9th Cir. 2002) (quoting <u>Hosp. & Serv. Employees
15 Union v. NLRB</u>, 743 F.2d 1417, 1426 (9th Cir. 1984); <u>Natural Res. Def. Council, Inc. v.
16 EPA</u>, 824 F.2d 1146, 1151 (D.C. Cir. 1987). This issue was raised before the FWS during
17 the decision-making period. <u>Administrative Record</u> at 2550, 2567, 2736, 2738.
18 Accordingly, there is no procedural bar to recovery.[4]
19    Defendants argue that the 1990 Recovery Plan "provided detailed and comprehensive
20 time and cost estimates"; the Recovery Goals are an amendment and supplement to the 1990
21 Recovery Plan; and accordingly, the Recovery Goals need not include revised time and cost
22 estimates. <u>Defendants' Memorandum in Support of the Cross-Motion for Summary
23 Judgment</u> at 9.

---

[4] Plaintiffs argue that this prerequisite to suit is not applicable because the only statutory prerequisite is the 60 day notice requirement of 16 U.S.C. § 1540(g)(C). <u>Plaintiffs' Memorandum in Opposition to the Cross-Motion for Summary Judgment</u> at 8-9. We need not consider this argument because all prerequisites are satisfied.

- 6 -

It appears that the 1990 Recovery Plan does include time and cost estimates, Administrative Record at 123-128, but strikingly, the Recovery Goals state otherwise:

> These recovery goals were developed as an amendment and supplement to the Recovery Plan to focus on the requirements of Section 4(f)(1)(B) of the ESA, which requires that the Secretary of the Interior incorporate into each plan site-specific management actions; objective, measurable criteria; and estimates of the time and costs to carry out those measures needed to achieve the plan's goal and to achieve intermediate steps toward that goal. The Recovery Plan did not contain those key requirements of the ESA; therefore, these recovery goals take precedence over the Recovery Plan.

Administrative Record at 3059-60. Defendants fail to reconcile this inconsistency with their argument.

The requirement to include time and cost estimates is intended to "provide a means by which to judge the progress being made toward recovery." S. Rep. No. 100-240, at 9-10 (1988). Therefore, assuming the time and cost estimates of the 1990 Recovery Plan satisfy the ESA requirement, they are only applicable to the Recovery Goals if the Recovery Goals do not either amend the goals, amend the measures needed to achieve the goals, or amend the interim steps toward the goals. See 16 U.S.C. § 1533(f)(1)(B)(iii). Again, however, the Recovery Goals themselves state otherwise. Their stated purpose is to "assimilate current information on the life history of the species and status of populations to develop recovery goals associated with the five listing factors that . . . identify site-specific management actions necessary to minimize or remove threats; . . . and provide estimates of the time and costs required to achieve recovery." Administrative Record 3059. Moreover, plaintiffs identify a series of undisputed examples where the Recovery Goals modify the measures needed to achieve the goals outlined in the 1990 Recovery Plan. Plaintiffs' Memorandum in Opposition to the Cross-Motion for Summary Judgment at 12-13. The time and cost estimates of the 1990 Recovery Goals are therefore insufficient to meet the requirements of 16 U.S.C. § 1533(f)(1)(B)(iii) as they apply to the 2002 Recovery Goals.

Defendants argue that they were not required to update the recovery plan and produce the Recovery Goals, and therefore the Recovery Goals cannot violate 16 U.S.C. § 1533(f)(1)(B)(iii). Defendants' Reply in Support of the Cross-Motion for Summary

1 Judgment at 9. Even if it is true that defendants were not required to update the Recovery
2 Plans, defendants have nonetheless updated the "measures needed to achieve the plan's
3 goals," and accordingly, must provide the "estimates of time required and the cost to carry
4 out those measures." 16 U.S.C. § 1533(f)(1)(B)(iii).

5 Defendants assert that the FWS "has and will continue to have accurate and up-to-date
6 assessments and information on the necessary costs and time frames for implementing
7 [recovery] actions," but chose not to expend their scarce resources by including this
8 information in the Recovery Goals. Defendants' Reply in Support of the Cross-Motion for
9 Summary Judgment at 10. The Secretary is, however, obligated to include such estimates
10 "to the maximum extent practicable." 16 U.S.C. § 1533(f)(1). Defendants fail to argue that
11 it was not "practicable" to include the estimates in the Recovery Goals, and therefore, they
12 are not excused from this requirement.

13 Defendants failed to comply with their non-discretionary duty to provide time and cost
14 estimates pursuant to 16 U.S.C. § 1533(f)(1)(B)(iii). Accordingly, we grant summary
15 judgment for plaintiffs on this claim (doc. 41).

**C.**

17 In their opposition to defendants' motion to dismiss, plaintiffs claim that defendants
18 failed to incorporate objective, measurable criteria which, when met, would result in a
19 determination that the species be removed from the endangered species list; and failed to
20 incorporate a population goal for all areas designated as critical habitat. Plaintiffs'
21 Opposition to the Motion to Dismiss at 5. We consider these claims abandoned because
22 plaintiffs make no mention of them in their numerous briefings with regard to the motions
23 for summary judgment. Accordingly, we grant summary judgment for defendants on these
24 claims (doc. 49).

**III.**

26 The Recovery Goals fail to comply with the ESA, and accordingly, defendants are
27 ordered to withdraw them. We declare them of no force and effect.

28

1    Plaintiffs seek an injunction requiring the issuance of new recovery goals that
2 comply with the ESA. <u>Amended Complaint</u> at 13. Defendants argue, however, that they
3 were not required to produce the Recovery Goals, and that they produced them
4 voluntarily. <u>Defendants' Reply in Support of the Cross-Motion for Summary Judgment</u> at
5 9. Plaintiffs fail to assert a basis upon which we should order defendants to produce new
6 recovery goals. Accordingly, plaintiffs' request is denied. However, if defendants
7 produce new recovery goals, they must comply with our findings and conclusions.

## IV.

**IT IS ORDERED GRANTING** summary judgment for plaintiffs on their claim that defendants violated their non-discretionary duties to provide time and cost estimates under 16 U.S.C. § 1533(f)(1)(B)(iii) (doc. 41). **IT IS ORDERED DENYING** the remainder of plaintiffs' motion for summary judgment (doc. 41).

**IT IS ORDERED DENYING** defendants' motion for summary judgment on plaintiffs' time and cost estimates claim (doc. 49) and **GRANTING** summary judgment for defendants on all other claims (doc. 49).

**IT IS ORDERED GRANTING** defendants' motion to strike (doc. 52).

Defendants are **ORDERED** to withdraw the 2002 Recovery Goals.

All claims having been resolved, the clerk is directed to enter judgment.

DATED this 18th day of January, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge